**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PATRICIA WATSON,

           Plaintiff,

vs.                     CASE NO. _____

YAKIM MANASSEH JORDAN a/k/a
PROPHET MANASSEH JORDAN
(an individual) and MANASSEH JORDAN
MINISTRIES, INC. (a New York Religious
Corporation),

           Defendants.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1. For more than a year, Plaintiff has been besieged with relentless autodialed calls and prerecorded or artificial voice message calls (robocalls) to her cellular telephone phone by Defendants attempting to solicit "seed-faith" donations to their ministry in return for a financial blessing and promises of good favor from God.

2. Robocalls are the #1 consumer complaint in America today, with more than 1.9 million complaints filed to the Federal Trade Commission in the first five months of 2017 alone.[1]

---

[1] *FTC Escalates the Fight against Illegal Robocalls Using Consumer Complaints to Aid Industry Call-Blocking Solutions*, FEDERAL TRADE COMMISSION (Aug. 1, 2017), https://www.ftc.gov/news-events/press-releases/2017/08/ftc-escalates-fight-against-illegal-robocalls-using-consumer.

3. To protect consumers from the nuisance, invasion of privacy, cost, and inconvenience of autodialed calls and pre-recorded or artificial voice message calls ("robocalls"), Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), which forbids making non-emergency calls using an automatic telephone dialing system or an artificial or prerecorded voice message to a cellular telephone without the prior express consent of the called party.

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

5. To date, Defendants have placed no less than 100 robocalls calls to Plaintiff's cellular telephone without Plaintiff's prior express consent.

6. The persistent nuisance of Defendants' telephone calls constitutes an unlawful invasion of Plaintiff's privacy.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 47 U.S.C. § 227(b)(3).

8. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the violations alleged occurred in this District.

## PARTIES

9. Plaintiff, Patricia Watson is a natural person and a citizen of the State of Florida, residing in Polk County in the Middle District of Florida.

10. Defendant, Yakim Manasseh Jordan a/k/a Prophet Manasseh Jordan ("Manasseh") is an individual, citizen of the United States. Manasseh frequently travels throughout the United States to perform speaking engagements and he regularly transacts business with and solicits payments from the citizens of Florida, including the Middle District of Florida, both in person and through pre-recorded phone calls.

11. Defendant, Manasseh Jordan Ministries, Inc. ("MJM") is a corporation organized under Article 8 of the Religious Corporation Law of the State of New York located in New York County, New York, with its principal place of business at 708 3rd Avenue, Sixth Floor, New York, New York 10163.

12. The Certificate of Incorporation attached hereto as <u>Exhibit A</u> states that Manasseh served as the presiding officer at the incorporation meeting and is the "prophet" of MJM.

13. Manasseh is a corporate officer of MJM. Upon information and belief, Manasseh is the CEO of MJM. See *prophetmanasseh.com*, which is copyrighted by Manasseh Jordan Ministries and describes Jordan as an "ambitiously motivated speaker, prophet, CEO." A screenshot of the "About the Prophet" page of *prophetmanasseh.com* is attached hereto as <u>Exhibit B</u>.

14. Manasseh directly, personally participated in the conduct set forth in this Complaint. By way of example, the pre-recorded voicemails complained of herein are recordings of Manasseh's voice.

15. Manasseh had a financial interest in the conduct set forth in this Complaint.

16. Manasseh personally authorized the conduct set forth in this Complaint.

17. Manasseh had the ability to supervise the conduct set forth in this Complaint.

18. Any reference herein to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## FACTUAL ALLEGATIONS

19. On or about April 2016, Defendants began calling Plaintiff's cellular telephone, using an automatic telephone dialing system or an artificial or prerecorded voice. (Hereinafter, referred to as "robocalls".)

20. Plaintiff's cellular telephone number is 251-▮▮▮▮-3657.

21. Plaintiff is the regular, customary user and carrier of the cellular telephone number 251-▮▮▮▮-3657.

22. Since April 2016, Defendants have placed no less than 100 robocalls to Plaintiff's cellular telephone.

23. On multiple occasions, Defendants placed more than one robocall per day to Plaintiff's cellular telephone.

24. On numerous occasions, Defendants placed up to three (3) robocalls per day to Plaintiff's cellular telephone.

25. On at least one occasion, Defendants placed up four (4) robocalls in a singled day to Plaintiff's cellular telephone.

26. As of the date of this Complaint, Defendants continue to place robocalls to Plaintiff's cellular telephone.

27. Through lengthy messages the robocalls urge Plaintiff to call Manasseh to obtain information he claims to have about Plaintiff's personal life.

28. By way of example, Plaintiff received the following pre-recorded message from Manasseh on April 20, 2016 at 5:38 PM:

> My dearest friend, this is Prophet Manasseh I've begun to see a spirit realm of great betrayal. And I've begun to see something, where it was almost like a sense of abandonment, something that you put your heart in but it's like almost as if you were just abandoned. My friend, the Lord begun to see and he began to see your thing that was your greatest pain is about to turn out to be an increase and a greatest day. I need to speak to you. I've been praying for you and seeking the Lord. The enemy has tried to cause confusion all around you but this is about to be the time that your curses are to turn into a blessing. I'm about to pass the phone to my assistant. I need you to call me back urgently. The things that I've seen in the spirit realm, I've never seen it before. Call me back.

29. Consumers that call back the Prophet are asked for donations to curry additional favor with the Almighty.[2]

---

[2] David Lazarus, *Getting Phone Calls Seeking Divine Assistance? You May Be A Victim Of 'Spoofing'*, LOS ANGELES TIMES (May 3, 2016), http://www.latimes.com/business/la-fi-lazarus-20160503-column.html (last visited Aug 15, 2017).

30. Plaintiff never consented to receive robocalls to her cellular telephone from Defendants. In fact, prior to receiving the robocalls Plaintiff had never heard of Manasseh or his ministry.

31. On at least one occasion, or about April 2016, Plaintiff requested that Defendant stop calling her cellular telephone.

32. On at least one occasion, on or about April 2016, Plaintiff expressly revoked any consent Defendants may have mistakenly believed it had for placement of telephone calls to Plaintiff's cellular telephone.

33. Defendants called Plaintiff from many different telephone numbers, including, but not limited to, 251-216-6332, 251-929-5116, 251-216-7123, and 251-517-1595.

34. Due to the overwhelming volume of calls, Plaintiff was unable to document all of Defendants' calls to her cellular telephone but the records of Defendants, or those of Defendants' agents and service providers will reflect the total number of calls.

35. Defendants' continued incessant and unlawful daily, repeated robocalls caused Plaintiff great frustration and anxiety.

36. As a result of Defendants' relentless call campaign, Defendants caused Plaintiff actual harm, not only because Plaintiff was subjected to the aggravation that necessarily accompanies these calls, but also because the calls used her allotted cellular minutes, diminished her cellular battery life, and wasted her data storage capacity.

Case 8:17-cv-01948-VMC-TGW   Document 1   Filed 08/16/17   Page 7 of 9 PageID 7

37. Since 2012, Defendants have been sued numerous times by other consumers for violations of the TCPA virtually identical to those alleged by Plaintiff, most of which Defendants have settled.[3]

38. On September 13, 2016, as a result of numerous consumer complaints, the FCC issued a Citation and Order to MJM and Manasseh notifying them "that they violated the law by infringing consumers' rights to be free from unauthorized prerecorded calls to their wireless phones." See FCC Citation and Order, attached as Exhibit C. The FCC Citation and Order warns MJM and Manasseh that if they continue to violate the TCPA the Commission may impose monetary forfeitures: "The Commission may impose forfeitures not to exceed $18,936 for each such violation or each day of a continuing violation, and up to $142,021 for any single act or failure to act." Id.

39. Despite the numerous lawsuits and FCC Citation, Defendants still find it worthwhile to continue using Manasseh's voice to make robocalls to cellular telephones to solicit donations.

40. Defendants willfully or knowingly violated the TCPA.

---

[3] See Miholich v. Manasseh Jordan Ministries, Inc. et al., 17-cv-00289 (S.D. Cal. Feb. 14, 2017); Jackson v. Manaseh Jordan Ministries, Inc. et al., 17-cv-00453 (N.D. Cal. Jan. 30, 2017); Carcelen v. Manasseh Jordan Ministries, 16-cv-01318 (C.D. Cal. Jun. 21, 2016); Bankosz v. Manasseh Jordan Ministries et al., 6:15-cv-01182 (M.D. Fla. July 22, 2015); Carter v. Manasseh Jordan Ministries, 2:15-cv-14237 (S.D. Fla. June 30, 2015); Cotto v. Manasseh Jordan Ministries et al., 6:15-cv-00741 (M.D. Fla. May 8, 2015); Robles v. Manasseh Jordan Ministries et al., 8:15-cv-00789 (M.D. Fla. April 2, 2015), Bundrage v. Jordan et al., 8:15-cv-00618 (M.D. Fla. March 20, 2015), Linlor v. Manasseh Jordan Ministries, 3:15-cv-00032 (S.D. Cal. Jan. 7, 2015); Rice v. Manasseh Jordan Ministries, 8:14-cv-02921 (M.D. Fla. Nov. 21, 2014); Friedman v. The Prophet Manasseh Jordan Ministries, 1:14-cv-03129 (S.D.N.Y. May 2, 2014); Lemberg v. Manasseh Jordan Ministries, 3:14-cv-00240 (D. Conn. Feb. 26, 2014); Romack, et al. v. Yakim Manasseh Jordan, et al., 3:13-cv-02484 (N.D. Ohio Nov. 8, 2013); Bontrager v. The Prophet Manasseh Jordan, 2:13-cv-01853 (E.D. Cal. Sept. 6, 2013); Ferguson v. The Prophet Manasseh Jordan Ministries, 5:13-cv-02463 (N.D. Cal. May 31, 2013); Alexander et al v. The Prophet Manasseh Jordan Ministries, 3:12-cv-02584 (S.D. Cal. Oct. 23, 2012).

## COUNT I
**AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**

41. Plaintiff incorporates Paragraphs 1 through 40 above as if fully set forth herein.

42. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. A declaration that Defendant's debt collection practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    */s/ James S. Giardina*
    [ X] James S. Giardina – Trial Counsel
    Fla. Bar No. 0942421
    [   ] Kimberly H. Wochholz

        Fla. Bar No. 0092159
        The Consumer Rights Law Group, PLLC
        3104 W. Waters Avenue, Suite 200
        Tampa, Florida 33614-2877
        Tel: (813) 435-5055 ext 101
        Fax: (866) 535-7199
        James@ConsumerRightsLawGroup.com
        Kim@ConsumerRightsLawGroup.com
        ***Counsel for Plaintiff***